Jason Barrat; AZ Bar No. 029086
**WEILER LAW PLLC**
5050 N.40th St., Suite 260
Phoenix, AZ 85018
Tel & Fax: 480.442.3410
jbarrat@weilerlaw.com
www.weilerlaw.com

Attorneys for Plaintiff

## UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| **Zaria Daniels**, an Arizona resident;<br><br>Plaintiff,<br><br>v.<br><br>**Signature Models and Talent Agency, Inc.**, an Arizona company; and **Terri Hoffmann,** an Arizona resident;<br><br>Defendants. | **Case No.**<br><br>**VERIFIED COMPLAINT**<br><br>**(Jury Trial Requested)** |

Plaintiff Zaria Daniels ("**Plaintiff**"), for her Verified Complaint against Defendants Signature Models and Talent Agency, Inc. ("**Signature**"); and Terri Hoffmann (**"Defendants"**), hereby alleges as follows:

**NATURE OF THE CASE**

1.  Plaintiff brings this action against Defendants for their unlawful failure to pay overtime in violation of the Fair Labor Standards Act, 29 U.S.C. §§ 201-219 (hereinafter "**FLSA**").

2.  This action is also brought to recover overtime compensation, liquidated or double damages, and statutory penalties resulting from Defendants' violations of the

FLSA.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over the subject matter and the parties hereto pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

4. Venue is proper in this District under 28 U.S.C. §§ 1391(b) and (c) because all or a substantial part of the acts or omissions giving rise to the claims occurred in the state of Arizona.

5. Plaintiff was employed by Defendants in this District.

## PARTIES

6. At all relevant times to the matters alleged herein, Plaintiff Zaria Daniels resided in the District of Arizona.

7. At all relevant times to the matters alleged herein, Plaintiff Zaria Daniels was a full-time employee of Defendants from in or around July 2021, until on or around May 5, 2023 ("**all relevant times**").

8. At all relevant times to the matters alleged herein, Plaintiff Zaria Daniels was an employee of Defendants as defined by 29 U.S.C. § 203(e)(1).

9. At all relevant times to the matters alleged herein, Plaintiff Zaria Daniels was a non-exempt employee.

10. Defendant Signature is a company authorized to do business in Arizona.

11. Defendant Signature was Plaintiff's employer as defined by 29 U.S.C. § 203(d).

12. Defendant Terri Hoffmann is an Arizona resident.

13. Defendant Terri Hoffmann has directly caused events to take place giving

rise to this action.

14. At all relevant times, Defendant Terri Hoffmann was an owner of Signature.

15. At all relevant times, Defendant Terri Hoffmann was an employer of Signature.

16. At all relevant times, Defendant Terri Hoffmann was a Director of Signature.

17. At all relevant times, Defendant Terri Hoffmann was a Shareholder of Signature.

18. At all relevant times, Defendant Terri Hoffmann was the President/CEO of Signature.

19. Defendant Terri Hoffmann has been at all relevant times Plaintiff's employer as defined by 29 U.S.C. § 203(d).

20. Defendant Terri Hoffmann supervised and controlled Plaintiff's work schedules or the conditions of Plaintiff's employment.

21. On March 20, 2023, Defendant Terri Hoffmann emailed Plaintiff, "Upon further review of this situation, I will accept your resignation effective immediately. Please let me know how many hours you worked over the weekend, and I will have those hours in your final check this week."

22. Defendant Terri Hoffmann sent this email to Plaintiff after Plaintiff had expressed concerns regarding her employment and confirmed she did not resign.

23. Defendant Terri Hoffmann determined the rate and method of Plaintiff's payment of wages.

24. Defendant Terri Hoffmann approved payroll.

25. As a person who acted in the interest of the previously identified corporate

entity in relation to the company's employees, Defendant Terri Hoffmann is subject to individual and personal liability under the FLSA.

26. Plaintiff is further informed, believes, and thereon alleges that each of the Defendants herein gave consent to, ratified, and authorized the acts of all other Defendants, as alleged herein.

27. Defendants, and each of them, are sued in both their individual and corporate capacities.

28. Defendants are jointly and severally liable for the injuries and damages sustained by Plaintiff.

29. Upon reasonable belief, Plaintiff, in her work for Defendants, was employed by an enterprise engaged in commerce that had annual gross sales of at least $500,000 in 2021.

30. Upon reasonable belief, Plaintiff, in her work for Defendants, was employed by an enterprise engaged in commerce that had annual gross sales of at least $500,000 in 2022.

31. Upon reasonable belief, Plaintiff, in her work for Defendants, was employed by an enterprise engaged in commerce that has or will have annual gross sales of at least $500,000 in 2023.

32. At all relevant times, Plaintiff, in her work for Defendants, was engaged in commerce or the production of goods for commerce.

33. At all relevant times, Plaintiff, in her work for Defendants, was engaged in interstate commerce.

34. Plaintiff, in her work for Defendants, regularly handled goods produced and

transported in interstate commerce.

35. Plaintiff used text messages, telephone, and emails to communicate with Defendants.

36. Plaintiff is a covered employee under individual coverage.

37. Plaintiff is a covered employee under enterprise coverage.

## FACTUAL ALLEGATIONS

38. The entity Defendant is a model and talent agency.

39. On or around July 2021, Plaintiff Zaria Daniels commenced employment with Defendants as an intern.

40. On or around October 2021, Plaintiff Zaria Daniels began working as a talent agent assistant.

41. Plaintiff's primary job duties included scheduling, answering client emails, and onboarding.

42. Plaintiff was paid $13.85 an hour.

43. Plaintiff Zaria Daniels routinely worked in excess of 40 hours per week.

44. Defendants did not have Plaintiff clock in or out.

45. Plaintiff did not receive any wages for overtime hours.

46. Plaintiff Zaria Daniels was not provided with the required one and one-half times pay premium as required by the FLSA for all her worked overtime hours.

47. For example, during the workweek of August 1, 2022, Plaintiff worked approximately 42 hours and did not receive any overtime wages.

48. At all relevant times during Plaintiff's employment, Defendants failed to properly compensate Plaintiff for all her overtime hours.

49. Defendants were aware that Plaintiff's working hours routinely exceeded 40 hours.

50. Defendants required Plaintiff to work overtime as a condition of her employment.

51. Defendants wrongfully withheld wages from Plaintiff by failing to pay all wages due for overtime hours Plaintiff worked.

52. Defendants refused and/or failed to properly disclose or apprise Plaintiff of her rights under the FLSA.

53. Defendants have not kept proper records in violation of 29 C.F.R. § 516.2.

54. Defendants' failure and/or refusal to compensate Plaintiff at the rates and amounts required by the FLSA were willful.

## COUNT I
### (FAILURE TO PAY OVERTIME WAGES – FLSA – 29 U.S.C. § 207)

55. Plaintiff incorporates by reference all of the above allegations as though fully set forth herein.

56. At all relevant times, Plaintiff was employed by Defendants within the meaning of the FLSA.

57. Plaintiff is an employee entitled to the statutorily mandated overtime wages.

58. Defendants have intentionally failed and/or refused to pay Plaintiff's overtime wages according to the provisions of the FLSA.

59. As a direct result of Defendants' violations of the FLSA, Plaintiff has suffered damages by not receiving compensation in accordance with 29 U.S.C.§ 207.

60. In addition to the amount of unpaid overtime wages owed to Plaintiff, she is entitled to recover an additional equal amount as liquidated damages pursuant to 29 U.S.C.

§ 216(b).

61. Defendants' actions in failing to compensate Plaintiff, in violation of the FLSA, were willful.

62. Defendants knew Plaintiff was not being compensated overtime for time worked in excess of 40 hours in a given workweek and failed to pay proper overtime wages.

63. Defendants knew their failure to pay overtime wages was a violation of the FLSA.

64. Defendants have not made a good faith effort to comply with the FLSA.

65. Plaintiff is also entitled to an award of attorneys' fees, costs, and other statutory damages pursuant to 29 U.S.C. § 216(b).

## CONCLUSION AND PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays:

A. For the Court to declare and find that the Defendants committed the following acts:

   i. violated overtime wage provisions of the FLSA, 29 U.S.C. § 207, by failing to pay overtime;

   ii. willfully violated overtime wage provisions of the FLSA, 29 U.S.C. § 207, by failing to pay overtime;

B. For the Court to award compensatory damages, including liquidated damages pursuant to 29 U.S.C. § 216(b), to be determined at trial;

C. For the Court to award interest on all wage compensation due accruing from the date such amounts were due under all causes of action set forth herein;

D. For the Court to award such other monetary, injunctive, equitable, and

declaratory relief as the Court deems just and proper;

E.  For the Court to award Plaintiff reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b), and all other causes of action set forth herein;

F.  Any other remedies or judgments deemed just and equitable by this Court.

## JURY DEMAND

Plaintiff hereby demands a trial by jury of all issues so triable.

RESPECTFULLY SUBMITTED April 20, 2023.

**WEILER LAW PLLC**

By: /s/ Jason Barrat
5050 N. 40th St., Suite 260
Phoenix, AZ 85018
Attorneys for Plaintiff

## VERIFICATION

Plaintiff Zaria Daniels declares under penalty of perjury that she has read the foregoing Verified Complaint and is familiar with the contents thereof. The matters asserted therein are true and based on her personal knowledge, except as to those matters stated upon information and belief, and as to those matters, she believes them to be true.

_____
Zaria Daniels